**Elmer Tegio PARA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71229.

Agency No. A70–864–456.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 15, 2004.

Crisostomo G. Ibarra, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Richard M. Evans, Michael T. Dougherty, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM**

Elmer Tegio Para, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") decision, which summarily affirmed the Immigration Judge's ("IJ") order denying his applications for asylum,

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

withholding of removal and for protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

Where, as here, the BIA affirms without an opinion, we review the IJ's decision directly. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence and will not reverse unless the evidence compels a contrary result. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1176 (9th Cir.2004).

Even assuming Para testified credibly, substantial evidence supports the IJ's decision that Para failed to present sufficient evidence to establish past persecution or a well-founded fear of future persecution. *See Ochave v. INS*, 254 F.3d 859, 861–62 (9th Cir.2001).

■ The record does not compel the conclusion that Para suffered past persecution as a result of imputed political opinion. Para's reliance on two pre-election incidents with unidentified members of a suspected anti-Marcos political group as evidence of past persecution is unavailing. *See Prasad v. INS*, 47 F.3d 336, 339–40 (9th Cir.1995) (holding that minor abuse during brief detention did not compel finding of past persecution).

■ Additionally, Para failed to present "credible, direct, and specific evidence" in the record to support a reasonable fear of future persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir.2003). Substantial evidence supports the IJ's finding that the Para lacked an objective basis for his fear of persecution. *See Pedro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir.2000). The evidence includes: the fact that Imelda Marcos subsequently won an elected seat in the legislature; a State Department Asylum Profile that reports that former Marcos supporters have returned to the Philippines "without difficulty" and that "[a]vailable evidence" does not support claims that former Marcos supporters are threatened because of their support for the Marcos regime; and the absence of any specific and direct evidence to support a fear of future persecution on the basis of imputed political opinion.

Para has waived any claim that the IJ erred in denying him withholding of removal, or that the IJ erred in denying him relief under CAT. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996) (holding that issues which are not specifically raised and argued in a party's opening brief are waived).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), Para's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

Para's request for sanctions and attorneys' fees is denied.

**PETITION FOR REVIEW DENIED.**